UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN ALLISON,<br><br>        Plaintiff,<br><br>    v.<br><br>PHH MORTGAGE,<br><br>        Defendant. | Case No. 25-cv-05323-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 18 |

The Court requests that the parties be prepared to address the following questions at the hearing on Defendant's motion to dismiss, set for January 6, 2026, at 10:00 a.m. in Courtroom 15 at the San Francisco Courthouse.

1. PHH's Consumer Privacy Notice discloses the sharing of its customers' Personal and Financial Information "[f]or our nonaffiliates to market to you." Does this or any other provision of the Terms of Service disclose to customers that third-party nonaffiliates may then (a) sell or share the information to fourth parties or (b) use the information for purposes other than their own marketing?

2. Could a reasonable consumer understand the following passage from PHH's Terms of Service to indicate that PHH does not capture information at issue in this litigation (*e.g.*, tracking which portions of the website were viewed by a user with a particular IP address or device identifier) and thus that this information would not be included in the data shared with nonaffiliates?

> Our website does not covertly capture information regarding the specific activities of any particular user. Our website does, however, produce reports that permit us to view your activity on our website

1

       in anonymous or aggregated form. The only personal information that we capture has been specifically submitted to us through our email information request function, or data specifically input by users into predetermined input forms and webpages programmed throughout our website.

3. Plaintiffs' theory of CDAFA standing is that PHH was unjustly enriched by sharing the information gathered about Plaintiff during his visit to PHH's website, without Plaintiff's consent. However, it appears this information was allegedly harvested from PHH's web server, not through something installed on Plaintiff's device. Is that an accurate understanding of the allegations? If so, how does that allege the information was obtained through unauthorized access of Plaintiff's device or via a contaminant introduced into it?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions

**IT IS SO ORDERED.**

Dated: December 23, 2025

                              RITA F. LIN
                              United States District Judge