Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Carly M. Roman, No. 349895
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com

James Gerard Stranch, IV (*pro hac vice*)
Michael C. Tackeff (*pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

[additional counsel listed on signature pages]
***Counsel for Plaintiff and the Proposed Class***

Aravind Swaminathan (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 639-9157
aswaminathan@orrick.com

Rebecca Harlow, No. 281931
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
rharlow@orrick.com

***Counsel for Defendant***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ETHAN ALLISON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PHH MORTGAGE,**<br><br>Defendant. | Case No.: 3:25-cv-05323-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 6, 2026<br>Time: 10:00 a.m.<br>Courtroom: Via Videoconference<br>Judge: Hon. Rita F. Lin |

Pursuant to the Case Management Conference Order [Dkt. 11], Fed. R. Civ. P. 16(b), and Civil Local Rule 16-9, Plaintiff, Ethan Allison and Defendant, PHH Mortgage ("Defendant" or "PHH"), (Plaintiff and Defendant together the "Parties") by their counsel, hereby respectfully submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**.

 A. <u>Service</u>: All parties in this action have been served.

 B. <u>Plaintiff's Position on Jurisdiction</u>: This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a class action wherein the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Complete diversity exists between Defendant and at least one member of the proposed Classes, and there are more than one hundred (100) members in the proposed Classes. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and continue to occur in this district.

 C. <u>Defendant's Position on Jurisdiction</u>: Defendant does not intend to contest personal jurisdiction or venue.

2. **Facts**:

<u>Plaintiff's Statement</u>: PHH is one of the largest servicers of residential mortgages in the country. Plaintiff Allison had a mortgage with PHH. Plaintiff brings this class action to address PHH's alleged widespread practice of disclosing confidential Nonpublic Personal Information and/or Personally Identifiable Financial Information of Plaintiff and the proposed class, unlawfully and without authorization, to third parties including Facebook, Google, Microsoft, Yahoo and others. To provide mortgage services, PHH operates and encourages its customers to use its website, https://www.phhmortgage.com.on which customers can, among other things, access their account information, manage their mortgage, and obtain information about PHH's

services. Plaintiff claims PHH embedded tracking technologies and/or code-based tracking devices from Facebook, Google, and other third parties on its website surreptitiously forcing Plaintiff and the proposed class to disclose their personal and financial information inputted into and/or accessed on PHH's website and transmitted to those third-party entities without Plaintiff's and the proposed class's knowledge or authorization.

Defendant's Statement: Defendant denies that it engaged in any unauthorized disclosure of Plaintiff's or putative class members' personal and financial information. Defendant explicitly disclosed the circumstances under which it collects and shares consumer data and the types of data it collects and shares in its privacy policies. Defendant's use of routine marketing and analytics software, which it discloses, does not constitute secret or surreptitious data collection. Defendant filed a Rule 12(b)(6) motion to dismiss the complaint in its entirety on October 9, 2025 (Dkt. 18), which the Court granted in part on March 27, 2026 (Dkt. 44).

3. **Legal Issues**:

Plaintiff's Statement: Plaintiff, individually and on behalf of the class, has brought claims against Defendant for negligence, negligence *per se*, violation of Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502*,* violation of Consumer Protection Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, violation of Consumer Privacy Act, Cal. Civ. Code, §§ 1798.100, *et seq.*, breach of express and implied contract, unjust enrichment, declaratory judgment, breach of confidence, violation of Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.*, and violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1), et seq.

Defendant's Statement: Defendant denies any wrongdoing. Specifically, Defendant denies that it disclosed customers' information in violation of the various federal and

state statutes and common law causes of action that Plaintiff asserts. As discussed in Defendant's Rule 12(b)(6) motion to dismiss the complaint (Dkt. 18), Plaintiff's claims are all based on Defendant's supposedly surreptitious collection, use, and sharing of Plaintiff's data, but Defendant disclosed, and Plaintiff agreed to, the exact data collection and sharing that Plaintiff now challenges. Further, the Court already dismissed several of Plaintiff's claims (*i.e.*, Plaintiff's negligence *per se*, CDAFA Section 502(c)(2) and (8), breach of implied contract, unjust enrichment, breach of confidence, and CIPA Section 631(a) claims); because Plaintiff opted to not amend his complaint, the dismissal is now with prejudice as to the dismissed claims. *See* Dkt. 44 at 20 ("If no such amended complaint is filed by [April 17, 2026], the claims that were dismissed in this Order will remain dismissed with prejudice.").

4. **Motions**: Defendant filed a motion to dismiss, which the Court granted in part and denied in part on March 27, 2026. Dkt. 44.

5. **Amendment of Pleadings**: The Parties do not anticipate adding claims or defenses or amending the pleadings. Additionally, the Parties acknowledge that the Court-provided deadline for Plaintiff to amend his complaint in response to the Court's motion to dismiss Order (Dkt. 44) has passed.

The Parties agree that Defendant will answer Plaintiff's complaint within 30 days of filing this Joint Case Management Statement.

6. **Evidence Preservation**: The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of evidence relevant to the issues reasonably evident in this action. The Parties filed a Stipulated Protective Order (Dkt. 36), which the Court entered on January 8, 2026 (Dkt.

40), and a Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 41), which the Court entered on January 30, 2026 (Dkt. 42).

7. **Disclosures**: The parties have exchanged initial disclosures.

8. **Discovery**.

    A. <u>Discovery completed to date</u>: To date, the Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 and discussed the preservation of discovery. Plaintiff served initial discovery requests on April 17, 2026.

    B. <u>Anticipated discovery</u>: The Parties intend to exchange written discovery, and further engage in document productions, including ESI, fact depositions, expert discovery, and subpoena third parties, as needed. The Parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure.

    C. <u>E-discovery order</u>: The Parties have considered and filed a protective order and ESI protocol, which the Court has entered. Dkt. 40, 42.

9. **Class Actions**:

    A. <u>Motion for Class Certification</u>: Plaintiff intends to file a Motion for Class Certification in accordance with the schedule proposed below, No. 15(c).

    B. <u>Procedural Guidance</u>: The attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

    C. <u>Plaintiff's position to maintain as a class action under Fed. R. Civ. P. 23</u>: This case is maintainable as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). This action meets the Rule 23 numerosity, commonality, typicality, adequacy, predominance, and superiority requirements for the simple fact that this case involves allegations of a widescale unauthorized disclosure of the Personal and Financial Information of tens of thousands of people to third parties in a similar way under Fed. R. Civ. P. 23(a) and 23(b)(3). Dkt 1. ("Compl.") ¶¶ 23-130. For

the numerosity requirement, upon information and belief, there are likely millions of individuals throughout the United States whose Personal and Financial Information has been improperly used or disclosed by Defendant. *Id.* at ¶ 155. For the ascertainability requirement, Class Members are readily identifiable from information in Defendant's possession, custody, and control. *Id.* at ¶ 156. The commonality and predominance requirements are met because questions of law and fact common to the Classes exist and predominate over any questions affecting only individual Class Members. Examples of these questions of law and fact are laid out in Plaintiff's Complaint. *Id.* at 157(a)-(o). Typicality and Adequacy are met where Plaintiff and class members uniformly had their Personal and Financial Information collected and transmitted through Defendant's use and of the tracking technology, and Plaintiff has no disability conflicts of interest with putative class members. *Id.* at ¶¶ 159, 161. Finally, the superiority requirement is met because a class action is the most efficient means to resolve all the claims in one action. *Id.* at ¶ 162.

D. <u>Plaintiff's description of Classes</u>: Plaintiff seeks to represent at least two (2) classes: Nationwide Class and California Subclass. Compl. ¶ 151. The Nationwide Class will consist of all individuals in the United States who have had or applied for mortgage services with PHH within the applicable statute of limitations and whose Personal and Financial Information was disclosed by Defendant to Third Parties through Defendant's Website's tracking technology without authorization. *Id.* The California Subclass will consist of all citizens of California who have had or applied for mortgage services with PHH within the applicable statute of limitations and whose Personal and Financial Information was disclosed by Defendant to Third Parties through Defendant's Website's

tracking technology without authorization. *Id.* Plaintiff reserves the right to modify or amend the definition of the proposed classes before the Court determines whether certification is appropriate. *Id.* at ¶ 155.

E. <u>Defendant's Position</u>: Defendant disagrees that this case is maintainable as a class action under Fed. R. Civ. P. 23(a) and Rules 23(b)(2) and 23(b)(3). Defendant will set forth its position in more detail in the Motion for Class Certification briefing.

10. **<u>Related Cases</u>**: No related cases or proceedings are pending before another judge of this court, or before another court or administrative body.

11. **<u>Relief</u>**:

<u>Plaintiff's Statement</u>: As set forth in the Class Action Complaint's Prayer for Relief, Plaintiff seeks the following remedies, in addition to any additional relief the Court deems just and proper:

A. For an Order certifying this action as a Class action and appointing Plaintiff as Class Representatives and Plaintiff's counsel as Class Counsel;

B. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

C. For an award of punitive damages, as allowable by law;

D. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Personal and Financial Information and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;

E. For an Order declaring the rights and obligations of the parties, including, without limitation, that Defendant owes a legal duty to its Customers to secure their Personal and Financial Information and that Defendant violates this legal

- 7 -

duty by disclosing its Customers' Personal and Financial Information to unaffiliated Third Parties;

F. For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity the type of Personal and Financial Information compromised and unlawfully disclosed to Third Parties;

G. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

H. For an Order compelling Defendant to pay for not less than three years of credit monitoring services for Plaintiff and the Classes;

I. For an award of reasonable attorneys' fees and costs under the laws outlined above, the common fund doctrine, and any other applicable law;

J. Costs and any other expenses, including expert witness fees incurred by Plaintiff in connection with this action;

K. Pre- and post-judgment interest on any amounts awarded; and

L. Such other and further relief as this court may deem just and proper.

Defendant's Statement: Defendant denies that Plaintiff and putative class members are entitled to any relief and that this action may properly be maintained as a class action.

12. **Settlement and ADR**: This case is not yet ripe for ADR efforts, and at present, the Parties believe it would be premature to pursue ADR or settlement. However, the Parties are open to the possibility of settlement. In compliance with ADR L.R. 3-5, the Parties agree that they will explore private mediation at the appropriate time. Pursuant to 3-5(d), the Parties have met and conferred as to the ADR options and agree to explore private mediation at the appropriate time. Dkt. 17, 19. Key discovery that will be necessary for

Plaintiff to make an opening settlement demand and begin negotiating resolution is class size information from PHH.

13. **Other References**: This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**: The parties respectfully submit that the Court's ruling on Defendant's motion to dismiss narrowed the issues in this case. Dkt. 44. The Parties do not believe that the issues in this case can be further narrowed by agreement.

15. **Scheduling**.

    A. **Fact Discovery.** Fact discovery will be completed by **May 7, 2027**. The last day for the Parties to notice depositions is **April 7, 2027**.

    B. **Expert Discovery.** Expert witness discovery, including reports, production of underlying documents and depositions, shall be completed by **August 6, 2027.**

    C. **Motion for Class Certification.**

        i. Plaintiff's Motion for Class Certification shall be filed on **November 5, 2027.**

        ii. Defendant's Opposition to the Motion for Class Certification shall be filed on **January 14, 2028.**

        iii. Plaintiff's Reply In Support of the Motion for Class Certification shall be filed on **February 18, 2028.**

    D. **Dispositive motions.** The deadline for any dispositive motions will be set by Order after the Court rules on any Motion for Class Certification.

    E. **Pretrial and Trial.** The Parties agree that this case will be tried to a jury and trial proceedings will be set by Order after the Court rules on any dispositive motion(s).

16. **Trial**

The Parties agree that this case will be tried to a jury and is expected to last two weeks.

17. **Disclosure of Non-party Interested Entities or Persons**: The Parties do not know of any non-party interested entities or persons. Defendant has filed its Certification of Interested Entities or Persons in accordance with Civil Local Rule 3-15. *See* Dkt. 20; *see also* Dkt. 21. On behalf of Defendant, the undersigned counsel of record certifies that as of this date, there is no conflict of interest (other than the named parties) to report. Plaintiff hereby reiterates that pursuant to Civil L.R. 3-15, there is no conflict of interest (other than the named parties and putative class) to report.

18. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: April 29, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Michael C. Tackeff* | */s/ Rebecca Harlow* |
| James Gerard Stranch, IV (*pro hac vice*) | Rebecca Harlow, No. 281931 |
| Michael C. Tackeff, admitted (*pro hac vice*) | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| **STRANCH, JENNINGS & GARVEY, PLLC** | |
| 223 Rosa L. Parks Avenue, Suite 200 | 405 Howard Street |
| Nashville, TN 37203 | San Francisco, CA 94105-2669 |
| Telephone: (615) 254-8801 | Telephone: (415) 773-5700 |
| gstranch@stranchlaw.com | rharlow@orrick.com |
| mtackeff@stranchlaw.com | |
| | Aravind Swaminathan (*pro hac vice*) |
| Natalie Lyons, No. 293026 | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| Vess A. Miller, No. 278020 | |
| Lynn A. Toops* | 401 Union Street, Suite 3300 |
| **COHENMALAD, LLP** | Seattle, WA 98101 |
| One Indiana Square, Suite 1400 | Telephone: (206) 639-9157 |
| Indianapolis, Indiana 46204 | aswaminathan@orrick.com |
| Telephone: (317) 636-6481 | |
| nlyons@cohenmalad.com | ***Counsel for Defendant*** |
| vmiller@cohenmalad.com | |

JOINT CASE MANAGEMENT STATEMENT – 3:25-cv-05323-RFL

Carly M. Roman, No. 349895
**STRAUSS BORRELLI, PLLC**
2261 Market Street, Suite 22946
San Francisco, CA, 94114
Telephone: (872) 263-1100
croman@straussborrelli.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*To seek admission *pro hac vice*

***Counsel for Plaintiff and the Proposed Classes***

## ATTORNEY ATTESTATION

Pursuant to Local Rule 5-1(i)(3), that I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

/s/ Michael Tackeff
Michael Tackeff (*pro hac vice*)

**Counsel for Plaintiff and the Proposed Class**

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I electronically serviced the foregoing on all counsel of record in this action via email.

/s/ Michael Tackeff
Michael Tackeff (*pro hac vice*)

**Counsel for Plaintiff and the Proposed Class**