UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>PHH MORTGAGE,<br><br>    Defendant. | Case No.  25-cv-05323-RFL<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>Re: Dkt. No. 47 |

Before the Court is Defendant PHH's motion for leave to file a motion for reconsideration (Dkt. No. 47) of the Court's order granting in part PHH's motion to dismiss (Dkt. No. 44).  The motion for reconsideration is **DENIED** because the issues it raises do not change the outcome of the motion to dismiss.  This order assumes the parties' familiarity with the facts of the case and the applicable legal standards.

PHH raises three arguments: (1) that the Order misapprehended the Privacy Contracts' disclosures and the extent to which they apply to Allison and his claims, (2) that the Order treated the complaint's allegations about Blend as part of the basis for Allison's claims, and (3) that the Court did not dismiss Allison's federal wiretap claim in parallel with his CIPA claim. None of these arguments change the Court's conclusions.

As to the first argument, PHH raises a fair point that the CCPA Disclosure's terms do not apply to Allison's claims because Allison is a "consumer or customer of personal, household, or family financial products or services."  (Dkt. No. 1-2 at 2.)[1]  However, even ignoring the CCPA

---

[1] All references to page numbers for filings on the docket refer to ECF pagination.

Disclosure, the Privacy Contracts still do not disclose the practice at issue.  As the Order discusses, the Terms & Conditions expressly stated that PHH's website "does not covertly capture information regarding the specific activities of *any particular user*" but instead "produce[s] reports that permit [PHH] to view [user] activity on [its] website *in anonymous or aggregated form*.  The only personal information that [PHH] capture[s] has been specifically submitted to [it] through [its] email information request function, or data specifically input by users into predetermined input forms and webpages programmed throughout [its] website." (Dkt. No. 1-3 at 3–4 (emphases added).)  Based on these representations, a reasonable user could interpret the Privacy Contracts in their entirety as disclosing only that PHH collects and shares user information in the aggregate but not information organized by particular users.

PHH's contention that "a website user's data is always and necessarily *collected* on an individual level" does not alter this conclusion.  (Dkt. No. 47 at 9.)  First, the Terms & Conditions expressly disavow the "capture" of information regarding the specific activities of "any particular user."  It is plausible that a reasonable consumer could read the Privacy Contracts as meaning exactly what they say:  that is, as disavowing individualized personal data collection. Second, even assuming a reasonable consumer would understand that computer technology does not permit data to be collected in the aggregate without collecting it on an individual level first, a reasonable consumer could plausibly understand the promise not to "capture" individualized data as a promise not to *keep* such data, and thus not to provide it to third parties.

As to the second argument, PHH accurately observes that the language of the Order could be read as suggesting the Court relied upon the allegations against Blend in assessing Allison's negligence and federal Wiretap Act claims.  To be clear, the Order does not rely on those allegations for that purpose.  Without the allegations against Blend, Allison has adequately alleged a non-economic privacy injury capable of giving rise to a negligence claim and an invasion of privacy under California law.  As the Order discussed, PHH shares information that could allow third parties to infer users' financial situations—for example, that a user has submitted an application for a cash out refinancing loan or is seeking to apply for a reverse

mortgage—and therefore constitutes sensitive financial information.  (Dkt. No. 1 at ¶¶ 72, 86.)

As to the final argument, although the federal Wiretap Act claim and the CIPA claim are subject to the same analysis, PHH did not move to dismiss the federal wiretap claim on the basis that the complaint failed to allege that the "contents" of communications between users and the website were intercepted.  Instead, PHH's motion to dismiss argued (a) PHH had consented to any alleged interception and (b) the crime-tort exception did not apply.  (Dkt. No. 18 at 21.)  Accordingly, the Order did not reach the issue of whether the federal wiretap claim should be dismissed based on PHH's argument regarding "contents," which PHH made only as to the CIPA claim.  (*Id*. at 20.)

Although the motion for reconsideration is denied, the Court is issuing an amended order to ensure a clear record.

**IT IS SO ORDERED.**

Dated: May 14, 2026

RITA F. LIN
United States District Judge